UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| L.C. Brown, | ) C/A No. 4:14-1758-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| James Jones, SCDC Employee Correctional Official, | ) |
| | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, L.C. Brown, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on May 2, 2014. Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections (SCDC) and housed at the Lee Correctional Institution. Plaintiff seeks monetary damages. Defendant filed a motion to dismiss or in the alternative, a motion for summary judgment on August 20, 2014. (Doc. #18). Because Plaintiff is proceeding *pro se*, he was advised on or about August 21, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion could result in dismissal of his complaint. The Plaintiff filed a "Declaration for Entry of Default" (doc. #22) on August 21, 2014, and a response entitled "Plaintiff's Response to Roseboro Order" (doc. #23) on August 28, 2014. In this response, Plaintiff represented that he did not receive a copy of Defendant's motion to dismiss/motion for summary judgment after receiving

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

the Roseboro order issued by the court on August 21, 2014. Therefore, an order was entered on August 29, 2014, directing the Clerk of Court to forward a copy of the Defendant's motion to dismiss/motion for summary judgment and memorandum in support to the Plaintiff. Plaintiff was advised again that pursuant to the Roseboro order, he had until September 25, 2014, to file a response to the motion to dismiss/motion for summary judgment. Plaintiff filed a response on September 22, 2014. Defendant filed a reply to the response on October 2, 2014.

## II.  DISCUSSION

### A.  STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### B.  ARGUMENT OF PARTIES/ANALYSIS

Plaintiff alleges Defendant violated his constitutional rights due to excessive force. Specifically, Plaintiff alleges that Defendant discharged chemical munitions at him on May 1, 2012,

while he was in a holding cell at Lieber Correctional Institution. Plaintiff asserts that he filed a Step 2 grievance on October 31, 2013, but has never received a response. Therefore, Plaintiff asserts that since SCDC did not respond within sixty days in accordance with the SCDC rules and regulations,[2] he has exhausted his administrative remedies.

Defendant argues that he is entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies prior to filing this action. Section 1997e(a) of the PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008). Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. Id. The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) (internal citations and quotations omitted). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149

---

[2] Plaintiff's argument that Defendant is in default for not filing a timely answer to his complaint should be denied. Defendant Jones was served on July 30, 2014, with the answer being due on or before August 20, 2014. (Doc. #18). Defendant Jones filed an answer to the complaint on August 20, 2014, along with the motion to dismiss/motion for summary judgment. Additionally, Plaintiff asserts in his response of August 28, 2014, that he did not receive a copy of the motion to dismiss/summary judgment. Defendant attached a copy of the certificate of service certifying that a copy of the motion to dismiss/motion for summary judgment was mailed to the Plaintiff on August 20, 2014. Thus, to the extent Plaintiff asserts a motion for default judgment, it should be denied.

L.Ed.2d 958 (2001). Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir.2005).

Defendant argues that Plaintiff filed a Step 1 grievance regarding the alleged incident on or about May 1, 2012. On February 7, 2013, Plaintiff's Step 1 grievance was forwarded to the Inmate Grievance Branch for possible review by the Division of Investigations. On October 14, 2013, Plaintiff's Step 1 grievance was denied. Plaintiff appealed the denial of his Step 1 Grievance and filed a Step 2 Grievance on or about October 31, 2013. Defendant asserts in the memorandum in support of summary judgment and in the reply that Plaintiff's Step 2 grievance is currently pending and no final disposition has been made.

Several circuits have held that a grievance may be considered exhausted under the PLRA when a prisoner files a grievance but has not received a timely determination. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) ("[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (stating that prison's failure to timely respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired."). See McMichael v. Pate, 2014 WL 793070 (D.S.C. Feb. 24, 2014).

5

In the instant action, Plaintiff filed a Step 1 Grievance on May 1, 2012. Plaintiff's Step 1 Grievance was reviewed and denied on October 14, 2013. Plaintiff filed a Step Two Grievance on October 31, 2013. At the time Plaintiff filed this action on May 2, 2014, he had not received a response to his Step 2 grievance. More than 180 days had elapsed between the time Plaintiff filed his Step 2 grievance and the time he filed this action. In the Defendant's memorandum filed August 20, 2014, Defendant asserts that Plaintiff's Step 2 grievance was still pending. However, Defendants have not presented any evidence to show why a response to the Step 2 grievance has not been made. Thus, for summary judgment purposes, Plaintiff has shown genuine issues of material fact as to whether his ability to exhaust his administrative remedies has been hindered. Accordingly, it is recommended that Defendant's motion for summary judgment based on Plaintiff's failure to exhaust prison administrative remedies be denied.[3]

### III. CONCLUSION

Based on the above, it is RECOMMENDED that the motion filed by the Defendant (document #18) for summary judgment based on exhaustion be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
October 3, 2014                                                                       United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Defendant did not address the merits of this action in his dispositive motion. The district judge may wish to give additional time to the Defendant to file a dispositive motion on the merits.