IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| L. C. Brown, Jr. | ) | C/A No.: 4:14-cv-1758-TLW |
|         Plaintiff, | ) | |
| vs. | ) | |
| James Jones, SCDC Employee Correctional Official, | ) | |
|         Defendant. | ) | |

**ORDER**

On May 2, 2014, the Plaintiff, L. C. Brown, Jr. ("Plaintiff"), filed this case pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. (ECF No. 1). The Plaintiff alleges in his Complaint unwarranted and "excessive use of force" by the Defendant "by and through the usage of 'chemical ammunition.'" (Id. at 3). Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment on April 1, 2015. The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (ECF No. 72). In the Report, the Magistrate Judge recommends that the District Court grant summary judgment in the Defendant's favor. (ECF No. 72). Plaintiff filed objections to the Report on June 12, 2015 (ECF No. 75), and Defendant filed a Response to the objections on June 29, 2015 (ECF No. 77). Also before the Court are Plaintiff's Third Motion to Amend/Correct the Complaint (ECF No. 67) and Motion to Appoint Counsel (ECF No. 71). In the Report, the Magistrate Judge recommends that these two motions be denied as moot. These matters are now ripe for disposition

1

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections.[1] Having carefully reviewed the Report and objections thereto, the Court hereby **ACCEPTS** the Report. (ECF No. 72). The Plaintiff's objections (ECF No. 75) are **OVERRULED**. The Court **GRANTS** summary judgment in favor of the Defendant. (ECF No. 62).

The Court has also reviewed the Plaintiff's Motion to Appoint Counsel. (ECF No. 71). Title 42 U.S.C. § 2000e–5(f) states that the Court may appoint counsel "in such circumstances as [it] may deem just." See Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 206 (E.D.N.C. 1996). After a careful review of the motion, the record, and the Report, the Court finds that the Plaintiff has

---

[1] The Plaintiff's claim challenges the "use" of chemical ammunition. He does not specifically raise a claim related to the physical effects of the chemical on him. The Court notes in particular that following the dispersal of chemical munitions at issue in this matter, medical staff was notified and a nurse responded to assess the Plaintiff. (ECF No. 72 at 5). The nurse found the Plaintiff to be in no distress or otherwise suffering from the exposure to chemical munitions. (Id. at 6). Furthermore, the nurse encouraged the Plaintiff to flush his eyes and face with cold water. (Id.). He was at no point denied medical care. (Id.).

failed to show an appropriate basis for appointment of counsel. Thus, the Motion to Appoint Counsel should be **DENIED**.

Finally, the Court has reviewed the Plaintiff's Motion to Amend/Correct Complaint. To the extent the Plaintiff intends the motion as a reply in opposition to the Defendant's motion for summary judgment, the Magistrate Judge has addressed the merits of the Plaintiff's arguments. To the extent he seeks amend his complaint to add the claims contained in the motion, the motion was filed outside the scheduling order, as noted in the Report. (ECF No. 72 p. 11, n. 5). Furthermore, the substance of the amendment has already been addressed by the Magistrate Judge in the Report and Recommendation, and thus the amendment would be futile. See Franks v. Ross, 313 F.3d 184, 193, 198 n.15 (noting that a motion to amend under Rule 15 of the Federal Rules of Civil Procedure should be denied when the amendment would be futile). As a result, the Plaintiff's Motion to Amend/Correct Complaint (ECF No. 67) is **DENIED**.

                                             s/Terry L. Wooten
                                        Chief United States District Judge

August 5, 2015
Columbia, South Carolina